**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-5197**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

 v.

NANYA SHAABU EL, a/k/a Sean Wesley Henry,

    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, Senior District Judge. (1:06-cr-00171-WLO)

Argued: March 21, 2008         Decided: April 25, 2008

Before NIEMEYER and MICHAEL, Circuit Judges, and C. Arlen BEAM, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Robert Lynn McClellan, IVEY, MCCLELLAN, GATTON & TALCOTT, L.L.P., Greensboro, North Carolina, for Appellant. Graham Tod Green, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee. **ON BRIEF:** Anna Mills Wagoner, United States Attorney, Greensboro, North Carolina, Paul A. Weinman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Nanya Shaabu El[*] on two charges under 18 U.S.C. § 915 for falsely claiming diplomatic immunity and attempting to obtain something of value by doing so. He appeals the district court's denial of his Rule 29 motion for judgment of acquittal made at the close of the government's evidence and renewed at the close of his defense case.

I.

On May 22, 2006, Nanya El and two others falsely represented to authorities that they were diplomats. Nanya El first made this representation at the main office of the United States Department of State in Washington, D.C. Nanya El told the security guard on duty that he was a diplomat, showed the guard what purported to be a United Nations identification card, and informed that guard that he wished to authenticate documents. Later that same day, the car in which Nanya El was riding as a passenger was pulled over on Interstate 85, and officers found a small amount of marijuana and a loaded handgun in the car. Nanya El again represented himself to be a diplomat during conversations with the police officers conducting the traffic stop, and referred to authenticated documents in a folder he was carrying as support for this claim.

---

[*]Nanya Shaabu El refers to himself as Mr. Nanya El in his brief, and we will likewise refer to him as Nanya El throughout the remainder of this opinion.

Nanya El was not ultimately charged with any state criminal offenses. The driver of the car was charged in state court with simple possession of marijuana. Nanya El was indicted on two charges under 18 U.S.C. § 915 for falsely claiming diplomatic immunity and attempting to obtain something of value by doing so. The jury convicted him on both counts, and Nanya El was sentenced to concurrent terms of six months on both counts, with credit for time already served. On appeal, Nanya El argues that he had no intent to defraud authorities, either because he had a "good faith" belief that his representations were true or that the story given to the police was so far-fetched that the police could not have reasonably believed he was from a nation having diplomatic relations with the United States. Nanya El further argues that since he purported to be from a "nation" which did not have diplomatic relations with the United States, he cannot be guilty under the statute. Nanya El's final argument is that since he was not charged with any offense in state court, there was no evidence that he sought anything of value by asserting diplomatic immunity.

II.

We review the trial court's denial of a motion for a judgment of acquittal de novo. United States v. Gray, 405 F.3d 227, 237 (4th Cir. 2005). The jury's verdict must be upheld if, after reviewing the evidence in the light most favorable to the

government, a rational trier of fact could have found the elements of the offense beyond a reasonable doubt. <u>United States v. Osborne</u>, 514 F.3d 377, 385 (4th Cir. 2008).

18 U.S.C. § 915 provides:

> Whoever, with intent to defraud within the United States, falsely assumes or pretends to be a diplomatic, consular or other official of a foreign government duly accredited as such to the United States and acts as such, or in such pretended character, demands or obtains or attempts to obtain any money, paper, document, or other thing of value, shall be fined under this title or imprisoned not more than ten years, or both.

In order to prove its case under this statute, the government must demonstrate that a defendant intended to falsely represent himself as a diplomat, and that he intended to gain a thing of value by doing so. <u>Cortez v. United States</u>, 328 F.2d 51, 52 (5th Cir. 1964). Attempting to secure immunity from possible prosecution is a "thing of value" within the meaning of this statute. <u>See</u> <u>United States v. Callaway</u>, 446 F.2d 753, 754-55 (3d Cir. 1971).

The district court did not err in denying Nanya El's Rule 29 motion for acquittal. Nanya El's somewhat contradictory arguments notwithstanding, in reviewing the evidence in the light most favorable to the verdict, we find that the government adequately proved the intent-to-defraud element. In addition to his verbal assertions, Nanya El had scores of official-looking documents and identification cards purportedly backing his diplomatic status. Under these circumstances, the police were at least obliged to

4

check into the legitimacy of the paperwork, and apparently spent considerable time doing so.

Nanya El also argues that because the nation he pretended to represent ("Atlan") did not really exist, and definitely was not a nation "duly accredited as such to the United States," he cannot be guilty of violating the statute. In <u>Callaway</u>, the defendant took a similar approach, arguing that the government did not prove he was trying to impersonate a foreign diplomat "duly accredited as such to the United States," because he merely pretended to be a Canadian diplomat, but not one who was attached to a particular American mission. The Third Circuit rejected this argument, noting that most importantly, the defendant had "intended to use diplomatic privilege as a shield against the law," which was "the primary evil that the statute sought to correct." <u>Id.</u> at 754. We agree with the Third Circuit's approach and find that Nanya El's conduct on May 22, 2006, was the primary evil that Section 915 sought to correct, regardless of the likely validity of his diplomatic claims.

Finally, we reject Nanya El's argument that because he was not ultimately prosecuted in state court for any offense, he did not seek a thing of value by asserting diplomatic status. As previously noted, immunity from prosecution is a thing of value. <u>Cf.</u> <u>United States v. Rippee</u>, 961 F.2d 677, 679 (7th Cir. 1992) (holding that forbearance from prosecution was a thing of value as

proscribed in 18 U.S.C. § 912 which criminalizes impersonating a federal officer).

<u>AFFIRMED</u>